# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## IN THE MATTER OF: ANNA C. T.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT00543703      Gina C. Higgins, Judge**

---

**No. W2012-01999-COA-R3-JV - Filed February 26, 2013**

---

Because the order appealed is not a final judgment, we dismiss this appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

DAVID R. FARMER, J., HOLLY M. KIRBY, J. AND J. STEVEN STAFFORD, J.

Appellant Teia M.L.T., self-represented.

Appellees Jerry L. and Carol L., self-represented.

Guardian Ad Litem Claire D. Reno.

## MEMORANDUM OPINION[1]

On July 16, 2012, the self-represented appellant, Teia M.L.T., filed a Notice of Appeal in the Shelby County Circuit Court Clerk's office indicating that she appealed the trial court's order of June 15, 2012. By Order entered on September 21, 2012, the Court granted the trial court clerk an extension of time to complete the appellate record through Monday, October 15, 2012. The Clerk of this Court received the appellate record from the trial court clerk on or about October 19, 2012. Pursuant to the mandates of Rule 13(b) of the Tennessee Rules

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After that review, it appeared to the Court that it was impossible to determine whether this Court has jurisdiction, because the order appealed was not contained within the appellate record.

Thus, by Order entered on October 29, 2012, this Court directed the trial court clerk to transmit a certified, supplemental record to the Clerk of this Court containing the trial court's order of June 15, 2012, within five (5) days of the entry of that order. Our Order of October 29, 2012, also stayed the briefing schedule in this matter pending further Order of this Court.

On or about November 5, 2012, the Clerk of this Court received an affidavit of Becky Starnes, Principal Court Clerk of Shelby County Circuit Court for the Thirtieth Judicial District of Tennessee, which states:

> A Notice of Appeal was filed on July 16, 2012 by the Plaintiff indicating she appealed a Trial Court Order entered on June 15, 2012. The Trial Court docket does not show an Order entered on June 15, 2012, although there was a motion to vacate order of custody and guardianship of Kenneth Lee filed on that date. The motion was denied stating that this court has not jurisdiction over Juvenile court orders. There was never an order entered on this motion.

This Court then entered an Order on November 13, 2012, directing Appellant to obtain entry of a final judgment in the trial court within thirty (30) days of the entry of that Order. The trial court clerk was directed to transmit a certified, supplemental record to the Clerk of this Court within five (5) days of the entry of the order. Our Order of November 13, 2012, also provided "[i]n the event that Appellant does not obtain entry of a final judgment within the time provided herein, Appellant shall have forty (40) days from the entry of this Order to show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment. Failure to respond to this order within the time provided herein could result in this appeal being dismissed without further notice."

As of this date, the Clerk of this Court has not received a supplemental record containing a final judgment of the trial court and Appellant has not otherwise responded to our Order of November 13, 2012.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See Bayberry Assoc. v. Jones*, 783 S.W.2d 553 (Tenn. 1990). Clearly, a final judgment has not yet been entered in the trial court and therefore, we must dismiss this

appeal for lack of jurisdiction.

## Conclusion

Because the trial court has not yet entered a final judgment, the appeal is dismissed without prejudice and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellant, Teia M.L.T., and the surety for which execution may issue if necessary.

**PER CURIAM**